Daniel G. Brown, Esq.  (Bar No. 251134)
LAW OFFICES OF DANIEL G. BROWN
PO BOX 5919
San Clemente, CA 92674-5919
Telephone:  (949) 892-1100
Facsimile:   (949) 892-1150
Email: daniel.brown@baslawfirm.com
Attorney for Michael David Fennell

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA (Santa Ana)

| *in re* | CASE No.  8:16-bk-11381-ES |
|---|---|
| Michael David Fennell  Debtor | **OPPOSITION TO CREDITOR BAYVIEW LOAN SERVICING, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION CONFIRMING STAY** |

## OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Debtor Michael David Fennell hereby opposes creditor BAYVIEW LOAN SERVICING, LLC's Request for Judicial Notice in support of Bayview's MOTION FOR ORDER CONFIRMING TERMINATION OF STAY UNDER 11 USC § 362 OR THAT NO STAY IS IN EFFECT UNDER 11 USC § 362.  Creditor Bayview offers six (6) unauthenticated documents for Judicial Notice.  Two of these documents are objected to for Judicial Notice.  A recent wrongful foreclosure of the Debtor's home is in dispute and BAYVIEW is simply hastily attempting to claim over $1 million in estate money before this bankruptcy Court takes notice.

Debtor Michael David Fennell objects to Judicial Notice for BAYVIEW's exhibits as follows:

- Exhibit A – **Deed of Trust**.  The Debtor does not object that a document by this name was recorded in the office of the Orange County Recorder.  The Debtor does object to taking judicial notice as to the accuracy of the statements that are contained within this document;
- Exhibit B –**Assignment of Deed of Trust**.  The Debtor does not object that a document by this name was recorded in the office of the Orange County Recorder.  The Debtor does object to taking judicial notice as to the accuracy of the statements that are contained within this document;

## **MEMORANDUM OF POINTS AND AUTHORITIES**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." USCS Fed Rules Evid R 201(b)  "Judicial notice merits the traditional caution it is given, and courts should strictly adhere to the criteria by the Federal Rules of Evidence before taking judicial notice of pertinent facts... It takes more than an exception to the hearsay rule, in other words, to justify judicial notice." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. Ill. 2008) [internal quotes and citations omitted]. Judicially noticed facts often consist of matters of public record, such as prior court proceedings, administrative materials, city ordinances, official maps, or other court documents. *Del Puerto Water Dist. v.*

-2-

*United States Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1232-1233 (E.D. Cal. 2003).

Here, BAYVIEW offers <u>unauthenticated</u> documents that they claim as being recorded or filed documents, and improperly seek judicial notice of the documents in whole. The two items recorded with the county recorder are objectionable. The documents contain facts that are disputed, and are not accompanied by any declaration or other evidence that would authenticate the documents, and are thus hearsay. The two recorded documents should not be judicially noticed and the request should be denied.

### *Documents Are Not Authenticated*

Generally speaking, documents must be authenticated in some fashion before they are admissible in evidence. Here, BAYVIEW presents documents without any affidavit authenticating them. For this reason alone the request should be denied.

### *Disputed Documents Are Not Proper For Judicial Notice*

Although a court may take judicial notice of some facts, the facts must be of such common knowledge that they cannot reasonably be the subject of dispute. . While courts may notice official acts and public records, they do not take judicial notice of the truth of all matters stated therein. The taking of judicial notice of the official acts of a governmental entity does not in and of itself require acceptance of the truth of factual matters which might be deduced therefrom. Here, BAYVIEW offers documents that contain disputed assertions. Judicial notice is intended to

cover facts which are not reasonably subject to dispute and are easily verified.  In this case BAYVIEW is offering documents that cannot be verified and are also under dispute.  A recent wrongful foreclosure of the Debtor's home is in dispute and BAYVIEW is simply hastily attempting to claim over $1 million in estate money before this bankruptcy Court takes notice.  Judicial Notice is premature.

The documents that are offered by BAYVIEW are not authenticated by sworn affidavit and thus are not properly offered as undisputable evidence. For example, the documents offered for notice are disputed by the Debtor as follows:

- <u>Exhibit A</u> – **Deed of Trust**.  The Debtor objects to the Court taking judicial notice as to the accuracy of the statements that are contained within this document.  This document contains factual assertions that are in dispute, such as:
    - "*Lender is ...*" (Exhibit at p.1).  The Debtor disputes the identity of the current beneficial interest holder of the loan or deed;
    - "*Trustee is ...*" (Exhibit at p.1).  The Debtor disputes the identity of the current trustee of the deed;
    - "*Lender is the beneficiary under this Security Agreement…. The Note states that Borrower owes Lender … $649,000.000…*" (Exhibit at p.1).  The Debtor disputes the debt as being a secured debt, and disputes the amount stated, and disputes who holds the debt and who had the authority to foreclose on the Debtor's property.

-4-

- <u>Exhibit B</u> – **Assignment of Deed of Trust**.  The Debtor objects to the Court taking judicial notice as to the accuracy of the statements that are contained within this document.  This document contains factual allegations that are in dispute, such as:
  - That Empire Mortgage, LLC was a "*beneficiary*" to the loan. (Exhibit at p.1).  The Debtor disputes that Empire Mortgage, LLC ever acted as a beneficiary;
  - That Empire Mortgage, LLC assigned an interest to BAYVIEW.  The Debtor disputes that Empire Mortgage, LLC ever acted as a beneficiary and ever assigned anything to BAYVIEW;
  - That the Deed of Trust secured a loan in the amount of "...*$649,000.000...*" (Exhibit at p.1).  The Debtor disputes the debt as being a secured debt, and disputes the amount stated, and disputes who held the debt and who had the authority to foreclose on the Debtor's property.

Here, BAYVIEW offers unauthenticated documents that contain disputed assertions.   Judicial Notice is premature.

"A court shall take judicial notice if requested by a party and supplied with the necessary information." USCS Fed Rules Evid R 201(d).  Here, BAYVIEW has not pinpointed any particular items on any of the documents that would give the court the necessary information in a request to take Judicial Notice of an adjudicative fact.   While the court may take Judicial Notice of its own records, a party requesting Judicial Notice bears the burden of persuading the trial judge that

-5-

the fact is a proper matter for notice. *In re Tyrone F. Conner Corp.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992).  Here, BAYVIEW does not state specific facts to notice, but rather drops numerous pages on the court where the documents contain a vast number of factual assertions that are directly disputed.   If the court were to take Judicial Notice of the entire documents as offered, it would be improperly noticing both disputed and undisputed assertions.  [See *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. Cal. 2001), court erred because it took notice of entire documents, and by doing so did more than take judicial notice of *undisputed* matters of public record by also noticing the *disputed* facts stated in the same public records.]

In many cases the courts will in fact take judicial notice of entire property documents that have been recorded at the County Recorder's Office because the documents are public records.[1]  But even in these circumstances, the Court may only take Judicial Notice of the undisputable facts contained in the documents.  See *Trapp v. Chase Home Fin., LLC*, 2010 U.S. Dist. LEXIS 120232 [Footnote 1] (C.D. Cal. Nov. 12, 2010).

A court may take Judicial Notice of the fact that a particular document was recorded.  However, the court may not take notice of the content of the document

---

[1] The California District Courts routinely take Judicial Notice of documents that are recorded with the County as public records, but only when the request is not opposed. See e.g. *Caballero v. Bank of Am.*, 2010 U.S. Dist. LEXIS 122847 (N.D. Cal. Nov. 4, 2010); *Castillo v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 120238 (N.D. Cal. Nov. 12, 2010)[Footnote 2]; *WellsFargo, N.A. v. Shree Balaji Hospitality, LP*, 2010 U.S. Dist. LEXIS 109660 (E.D. Cal. Oct. 12, 2010)[Footnote 2].

1 unless its proponents have shown that the document is verified by a source "whose

2 accuracy cannot reasonably be questioned." See *Das v. WMC Mortg. Corp.*, 2010

3

4 U.S. Dist. LEXIS 122042 (N.D. Cal. Oct. 28, 2010, citing *Reusser v. Wachovia*

5 *Bank, N.A.*, 525 F.3d 855, 858 n. 3 (9th Cir. 2008)).

6
    In this case BAYVIEW brings unauthenticated documents for notice and asks

7

8 this Court to take Judicial Notice of documents that contain pages of factual claims

9 that are directly in disputed.   The request should be denied.

10

11

12

13 Dated: April 25, 2016         LAW OFFICES OF DANIEL G. BROWN

14                                     /s/ Daniel G. Brown
                                    Attorney for Michael David Fennell

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re: Michael David Fennell | Debtor(s). | CHAPTER 13 |
|---|---|---|
| | | CASE NUMBER 8:16-bk-11381-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**PO BOX 5919, San Clemente, CA 92674-5919**

A true and correct copy of the foregoing document described **DEBTOR'S OPPOSITION TO CREDITOR BAYVIEW LOAN SERVICING, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION CONFIRMING STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 25, 2016** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
**United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov**
**Trustee  Amrane Cohen  efile@ch13ac.com**
**Edward G Schloss Attorney for Bayview Loan Servicing LLC egs2@ix.netcom.com**
**Ian A. Rambarran Attorney for Bayview Loan Servicing LLC IRambarran@Klinedinstlaw.com (Courtesy Copy)**

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 25, 2016 | Daniel Brown | /s/ Daniel Brown |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                         **F 9013-3.1**

| In re: Michael David Fennell | Debtor(s). | CHAPTER 13 |
|---|---|---|
| | | CASE NUMBER 8:16-bk-11381-ES |

*Date*     *Type Name*     *Signature*

**Mailing List**

Bayview Loan Servicing LLC
4425 Ponce de Leon Boulevard
5th Floor
Coral Gables
Miami, FL 33146

M&T Bank
PO Box 1288
Buffalo, NY 14240-1288

SLS
8742 Lucent
Suite 300
Highlands Ranch, CO 80129

Seaside Trustee Inc.
Notice Only
TS No. 1306565CA
PO Box 752377
Las Vegas, NV 89136

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**